Filed 3/11/21  P. v. Cotton CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> TREANDOUS COTTON, <br><br>     Defendant and Appellant. | H048308 <br> (Monterey County <br> Super. Ct. No. SS012580A) |

## I.  INTRODUCTION

In 2003, defendant pleaded no contest to two counts of first degree murder (Pen. Code, § 187)[1] and one count of escape by force or violence (§ 4532, subd. (a)(2)).  The trial court sentenced defendant to two concurrent terms of 25 years to life consecutive to four years.  Defendant was 25 years old when he committed the murders.

In 2013, section 3051 was enacted to provide "a youth offender parole hearing" for eligible youth offenders.  (See Stats. 2013, ch. 312, § 4.)  The California Supreme Court subsequently held in *People v. Franklin* (2016) 63 Cal.4th 261, 284 (*Franklin*) that an eligible youth offender shall have an opportunity to "make a record of information relevant to his [or her] eventual youth offender parole hearing."

In 2020, defendant filed a motion for a *Franklin* hearing in the trial court.  After appointing defendant counsel and receiving written opposition from the prosecution, the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

court denied the motion, finding that too much time had elapsed since defendant committed his controlling offenses to effectuate *Franklin*'s evidence-preservation purpose.

The parties agree that the trial court erred when it denied defendant's motion for a *Franklin* hearing, and we concur. Because defendant is entitled to youth offender parole hearings under section 3051, he is eligible for *Franklin*'s evidence-preservation process and must be given an adequate opportunity for a *Franklin* hearing. (See *In re Cook* (2019) 7 Cal.5th 439, 450, 459 (*Cook*).)

Accordingly, we will reverse the order and remand the matter for *Franklin* proceedings consistent with *Cook*.

## II.    PROCEDURAL BACKGROUND[2]

In 2003, defendant was charged by amended information with two counts of murder (§ 187) committed on or about April 18 and May 25, 2000. Defendant was born in October 1974.

Defendant pleaded no contest to two counts of first degree murder as well as escape by force or violence (§ 4532, subd. (a)(2)), as charged in a separate case. The court sentenced defendant to two concurrent terms of 25 years to life for the murders plus a consecutive four years for the escape offense. Defendant's initial parole suitability hearing is scheduled for May 2024.

On April 6, 2020, defendant filed a motion for a *Franklin* hearing. Citing *Franklin*, *Cook*, and section 1203.01, defendant requested the hearing "to establish a record of relevant 'youth-related' mitigating factors for later consideration by the Board of Parole at his youth offender parole hearing."

The prosecution filed written opposition urging the trial court to deny the motion because a hearing was "not likely to produce fruitful evidence considering the passage of over twenty years since the commission of the murders."

---

[2] We do not provide a factual summary of the offenses underlying defendant's convictions because the facts are not relevant to the issue presented.

The trial court denied the motion, finding that "[t]he purpose of the *Franklin* hearing was to essentially assist . . . with youthful offender parole hearings and to gather evidence while the person was young and still had the evidence available so they wouldn't have to wait 20, 30 years to get the evidence." (Italics added.) The court determined that *Franklin*'s purpose "is not applicable to this particular case in that 20 years has passed and [defendant is] coming up for parole in a few years," and ruled that "even if eligible, the Court is not inclined to proceed with a *Franklin* hearing." (Italics added.)

## III.  DISCUSSION

Section 3051, subdivision (a)(1) provides that "any prisoner who was 25 years of age or younger . . . at the time of his or her controlling offense" shall receive "[a] youth offender parole hearing . . . for the purpose of reviewing the [prisoner's] parole suitability."[3] At such a hearing, the parole board "shall give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).)

Section 3051 was enacted while the defendant's direct appeal was pending in *Franklin*. (*Franklin*, *supra*, 63 Cal.4th at p. 272.)  The California Supreme Court found that sections 3051 and 4801 "contemplate that information regarding the juvenile offender's characteristics and circumstances at the time of the offense will be available at a youth offender parole hearing to facilitate the Board's consideration.  For example, section 3051, subdivision (f)(2) provides that '[f]amily members, friends, school personnel, faith leaders, and representatives from community-based organizations with knowledge about the individual before the crime . . . may submit statements for review by the board.' . . .  In addition, section 3051, subdivision (f)(1) provides that any 'psychological evaluations and risk assessment instruments' used by the Board in assessing growth and maturity 'shall take

---

[3] Subdivision (h) of section 3051 renders certain youth offenders ineligible for youth offender parole hearings, such as those sentenced under the "Three Strikes" law.

into consideration . . . any subsequent growth and increased maturity of the individual.' Consideration of 'subsequent growth and increased maturity' implies the availability of information about the offender when he was a juvenile." (*Franklin*, *supra*, at pp. 283-284.)

Because assembling such information was "typically a task more easily done at or near the time of the juvenile's offense" (*Franklin*, *supra*, 63 Cal.4th at p. 283), the court remanded the matter to the trial court to give the defendant an opportunity to "put on the record the kinds of information that sections 3051 and 4801 deem relevant at a youth offender parole hearing" (*id.* at p. 284).

Several years later, the California Supreme Court considered in *Cook* "whether a sentenced prisoner whose conviction is final can seek the remedy of evidence preservation"—that is, a *Franklin* hearing—"and, if so, by what means." (*Cook*, *supra*, 7 Cal.5th at pp. 446-447.) The court held that "offenders with final convictions may file a motion in the trial court for that purpose, under the authority of section 1203.01," which authorizes a trial court to "generate, collect, and transmit information about the defendant and the crime to the Department of Corrections and Rehabilitation." (*Id.* at p. 447.)

Importantly, the court observed that "[t]he Legislature's intent in enacting sections 3051 and 4801 was ' "to establish a parole eligibility mechanism that provides a person serving a sentence for crimes that he or she committed as a juvenile the opportunity to obtain release" ' upon a showing of maturation and rehabilitation. [Citation.] *Franklin* authorized postjudgment proceedings to effectuate that intent." (*Cook*, *supra*, 7 Cal.5th at p. 449.) " '[T]he statutory text makes clear that the Legislature intended youth offender parole hearings to apply retrospectively, that is, to *all eligible youth offenders regardless of the date of conviction*.' [Citation.] By a parity of reasoning, an evidence preservation process should apply to all youthful offenders now eligible for such a parole hearing." (*Id.* at p. 450.)

The parties agree that the trial court erred when it denied defendant a *Franklin* hearing, and we concur. Although defendant committed his controlling offenses in 2003, he

4

is entitled to youth offender parole hearings under section 3051 and, thus, is eligible for a *Franklin* hearing. (See *Cook*, *supra*, 7 Cal.5th at p. 450.)

The court held in *Cook* that "an offender entitled to a hearing under sections 3051 and 4801 may seek the remedy of a *Franklin* proceeding even though the offender's sentence is otherwise final," and recognized that "[s]ome offenders who file these postjudgment motions in the trial court may have spent a decade or more in prison." (*Cook*, *supra*, 7 Cal.5th at pp. 451, 459.) Despite that the defendant committed his controlling offenses in 2007 (*id.* at p. 447), the court held in 2019 that he could "fil[e] a motion in the trial court for a *Franklin* proceeding under the authority of section 1203.01 and today's decision" (*id.* at p. 460; see also *People v. Rodriguez* (2018) 4 Cal.5th 1123, 1125-1126, 1131 [remanding the matter to give the defendant, who committed his controlling offenses in 2004, an opportunity for a *Franklin* hearing]; *People v. Lipptrapp* (2021) 59 Cal.App.5th 886 [remanding for a *Franklin* hearing for a defendant who committed his controlling offenses in 1995]).

Here, in contrast, the trial court denied defendant a *Franklin* hearing based solely on the passage of time, stating that "20 years has passed and [defendant is] coming up for parole in a few years," and that "even if eligible, the Court is not inclined to proceed with a *Franklin* hearing." (Italics added.) Under *Cook*, the passage of time alone is not a proper basis to deny an eligible defendant a *Franklin* hearing. (See *Cook*, *supra*, 7 Cal.5th at p. 459.)

Accordingly, we conclude that the trial court erred when it denied defendant a *Franklin* hearing, and we remand the matter for proceedings consistent with *Cook*.[4] (See *Cook*, *supra*, 7 Cal.5th at p. 450.)

---

[4] The Attorney General asserts that the trial court could properly deny defendant's motion for a *Franklin* hearing if it determines that the hearing would be an idle act. The California Supreme Court stated in *Cook* that "[a]lthough *Franklin* mandates an opportunity for evidence preservation, the trial court may 'exercise its discretion to conduct this process efficiently, ensuring that the information introduced is relevant, noncumulative, and

## IV.    DISPOSITION

The trial court's June 19, 2020 order denying defendant's motion for a *Franklin* hearing is reversed.  The matter is remanded for *Franklin* proceedings consistent with *In re Cook* (2019) 7 Cal.5th 439.

---

otherwise in accord with the governing rules, statutes, and regulations.'  [Citation.]"  (*Cook*, *supra*, 7 Cal.5th at p. 459.)  The court also noted that a trial court "may consider whether a *Franklin* proceeding is likely to produce fruitful evidence considering such factors as the passage of time and whether the offender has already benefitted from the factfinding procedures set forth in section 3051, subdivision (f)(1) and (2) with the assistance of appointed counsel (§ 3041.7; Cal. Code Regs., tit. 15, § 2256, subd. (c))."  (*Ibid.*)  In addition, "[t]he court may, for example, require an offer of proof regarding the evidence the offender seeks to present, so that it can determine whether such evidence is relevant to youth-related factors and meaningfully adds to the already available record.  It may also determine whether testimony is 'appropriate' [citation], or if other types of evidentiary submissions will suffice."  (*Ibid.*)  Here, however, the trial court did not consider anything but the passage of time, and there is no indication in the record that defendant has had the benefit of the factfinding procedures under section 3051, subdivision (f)(1) and (2).

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
DANNER, J.

*People v. Cotton*
**H048308**